**Paula W. LAROCQUE and Michael D. Larocque**

v.

**STATE FARM INSURANCE COMPANY and New Jersey Automobile Insurance Underwriting Association**

[660 A.2d 286]

No. 94-316

March 21, 1995. In 1987, plaintiffs Paula and Michael Larocque were injured in a car collision with defendants' insured, and pursuant to their obligations under the

---

insured's automobile insurance policy, defendants assumed the defense of the subsequent lawsuit. The parties settled the lawsuit for the policy limits in 1991, but plaintiffs instituted this action in 1992 alleging that defendants' failure to settle plaintiffs' claims in an expeditious manner constituted a breach of defendants' duty to deal with plaintiffs in good faith, unjustly enriched defendants, and constituted intentional infliction of emotional distress. Plaintiffs appeal the Rutland Superior Court's decision granting defendants' motion for summary judgment. We affirm.

Summary judgment is appropriate when the party against whom judgment is sought is given the benefit of all reasonable doubts and inferences, but no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Toys, Inc. v. F.M. Burlington Co.*, 155 Vt. 44, 48, 582 A.2d 123, 125 (1990); V.R.C.P. 56(c). This Court applies the same standard of review on appeal. *State v. Delaney*, 157 Vt. 247, 252, 598 A.2d 138, 141 (1991). Applying this standard here, we conclude that even if defendants failed to offer plaintiffs a settlement within a reasonable period of time, plaintiffs have no actionable claim.

Plaintiffs first argue that the trial court erred, as a matter of law, in concluding that defendants did not owe plaintiffs a duty to deal with them in good faith in offering to settle the underlying action. Plaintiffs contend that this duty exists both by statute and at common law, and in the alternative, that defendants voluntarily assumed this duty through their practices and procedures.

Although the Insurance Trade Practices Act, 8 V.S.A. §§ 4721-4726, provides administrative sanctions for unfair and deceptive acts within the insurance industry, including for unfair claim settlement practices, 8 V.S.A. § 4724(9), the Act does not create a private right of action. See *Denis Bail Bonds, Inc. v. State*, 159 Vt.

481, 487, 622 A.2d 495, 499 (1993); *Wilder v. Aetna Life & Casualty Ins. Co.*, 140 Vt. 16, 19, 433 A.2d 309, 310 (1981). Accordingly, defendants did not owe any statutory duty to deal with plaintiffs in good faith in offering a settlement.

We are also unpersuaded that any such duty exists at common law. We have recognized that a carrier owes a duty *to its insured* when considering whether to settle a claim within policy limits. This duty stems from an "insurance company's control of the settlement of a claim brought against the insured," and the necessary conflict of interest that it creates. *Myers v. Ambassador Ins. Co.*, 146 Vt. 552, 555, 508 A.2d 689, 690-91 (1986). A duty to the insured may also arise in the context of a first-party claim, see *Phillips v. Aetna Life Ins. Co.*, 473 F. Supp. 984, 990 (D. Vt. 1979), although we have not ruled that such a duty exists. See *Booska v. Hubbard Ins. Agency, Inc.*, 160 Vt. 305, 312, 627 A.2d 333, 336 (1993); *Martell v. Universal Underwriters Life Ins. Co.*, 151 Vt. 547, 554, 564 A.2d 584, 589 (1989). Here, the relationship between plaintiffs and defendants is by nature adversarial, and we find no obligation imposed on defendants to conform to a particular standard of conduct with respect to plaintiffs. See *Smith v. Day*, 148 Vt. 595, 597, 538 A.2d 157, 158 (1987) (defining duty); *Auclair v. Nationwide Mut. Ins. Co.*, 505 A.2d 431, 431 (R.I. 1986) (per curiam) (insurer owes no duty to third-party claimant).

Finally, defendants did not voluntarily assume any good faith duty to plaintiffs by directing in its employee manual that claims were to be handled in an efficient and cooperative manner. That it attempted to conduct its business in a way that was responsive to third-party claimants does not create a legally enforceable duty to do so with respect to a particular claimant. Cf. *Smith v. Day*, 148 Vt. at 598, 538 A.2d at 158-59 (creation of strict student code of conduct does not create

duty on college when student violates code and injures plaintiff).

Plaintiffs next argue that the trial court erroneously concluded that defendants' failure to settle the case could not create a claim of unjust enrichment. Plaintiffs' theory is that defendants retained the interest earned on the settlement amount under conditions such that it would be inequitable not to pay this interest to plaintiffs. See *Center v. Mad River Corp.*, 151 Vt. 408, 410 n.2, 561 A.2d 90, 92 n.2 (1989) (unjust enrichment award requires that defendant retain benefit under circumstances where it would be inequitable not to compensate plaintiff for its value). Defendants were under no obligation, however, to settle expeditiously with plaintiffs. See *Peerless Casualty Co. v. Cole*, 121 Vt. 258, 265, 155 A.2d 866, 871 (1959). Thus, defendants were not unjustly enriched.

Plaintiffs' last argument contends that the trial court erred by concluding that defendants' delay in settling plaintiffs' claims did not create a claim for intentional infliction of emotional distress. Intentional infliction of emotional distress requires conduct that is "'so outrageous and extreme as to go beyond all possible bounds of decency.'" *Jobin v. McQuillen*, 158 Vt. 322, 327, 609 A.2d 990, 993 (1992) (quoting Restatement (Second) of Torts § 46, comment d (1965)). Even if we accept plaintiffs' allegations, defendants' conduct cannot be said to rise to this level.

*Affirmed.*