## Rebecca RUBIN v. TOWN OF POULTNEY, et al.

[721 A.2d 504]

No. 97-479

October 28, 1998. Plaintiff Rebecca Rubin appeals the Rutland Superior Court's grant of summary judgment in favor of defendants Town of Poultney, Poultney's town constable, Douglas Bishop, and Poultney's town manager, Jonas Rosenthal, on her negligent failure to protect claim.[1] We affirm.

---

[1] Although the trial court also granted summary judgment on plaintiff's claim of intentional infliction of emotional distress, plaintiff does not appeal this ruling.

The parties do not dispute the facts. Richard and Sheila Fleury's dog, Ben, bit plaintiff when she jogged past their home in the Town of Poultney. Two days prior to the incident, the town manager received reports that the dog had been roaming the streets frightening people. The reports did not allege that the dog had bitten anyone. In response to the reports, the town manager and the town constable visited the Fleurys' residence to advise them to keep their dog tied up. The next day, the town manager sent a letter to the Fleurys again advising them of the complaints and giving them notice that the town selectmen would take action in the event the dog bit someone. The day after the town manager sent the letter, the dog bit and injured plaintiff. The dog was not tied up at the time of the incident.

Plaintiff brought suit against defendants, claiming negligent failure to protect her from the Fleurys' dog. The court granted defendants' motion for summary judgment, holding that this case did not trigger defendants' statutorily prescribed duty to take action to protect the general public from dogs that bite. See 20 V.S.A. § 3546.[2] The court further held that defendants were not negligent under plaintiff's alternative theories of common law negligence liability.

In reviewing a grant of summary judgment, this Court applies the same standard as the trial court. See *Madden v. Omega Optical, Inc.*, 165 Vt. 306, 309, 683 A.2d 386, 389 (1996). Summary judgment should be granted when, taking all allegations made by the nonmoving party as true, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See *id.* To survive summary judgment, the nonmoving party must demonstrate suf-

ficient evidence to support a prima facie case. *State v. G.S. Blodgett Co.*, 163 Vt. 175, 181-82, 656 A.2d 984, 988 (1995).

By statute, town officials have a duty to investigate if the town receives three written complaints that a dog, while off the premises of the owner, has bitten a person. 20 V.S.A. § 3546(a), (b). If the town finds the animal bit the person without provocation, the town has a duty to protect people by ordering the animal muzzled, chained, confined, or disposed of in a humane way. *Id.* § 3546(c). On appeal, plaintiff relies, not on the Town's statutorily-imposed duty, but on common law negligence.

To prevail in a common law negligence action, a plaintiff must demonstrate that the defendant owed a legal duty to the plaintiff, the duty was breached, the breach constituted the proximate cause of plaintiff's harm, and plaintiff suffered actual loss or damage as a result. *O'Connell v. Killington, Ltd.*, 164 Vt. 73, 76, 665 A.2d 39, 42 (1995). The existence of a duty is primarily a question of law. *Id.* Absent a duty of care, an action for negligence fails. *Behn v. Northeast Appraisal Co.*, 145 Vt. 101, 106, 483 A.2d 604, 607 (1984).

Plaintiff first contends that defendants assumed a duty to her by undertaking actions not otherwise required of them. She relies on the Restatement sections stating that one who negligently performs a voluntarily assumed undertaking to render services may incur liability if his or her actions result in harm to the intended direct recipient of such services or to some foreseeable third person. See generally Restatement (Second) of Torts §§ 323, 324A (1965); see also 2 S. Speiser, et al., The American Law of Torts § 9:22 (1985) (discussing Restatement rule). More specifically, she refers to § 324A(b) to argue that, in responding to the complaints, defendants undertook to control the Fleurys' dog and thereby voluntarily assumed a duty to her above and beyond their duty under the dog-bite statute.

---

[2] We refer throughout to the statute in effect at the time of the incident, but the statute has since undergone general amendment.

The trial court did not directly address whether, by warning the Fleurys to confine their dog to their premises, defendants had assumed the Fleurys' duty to control their dog for the protection of the public generally, or plaintiff individually. Rather, the court held that, even if defendants voluntarily assumed a duty, they acted with reasonable care. Our affirmance rests on different grounds.

Plaintiff asserts that it takes very little beyond a gratuitous promise for courts to find an assumption of a duty. See W. Keeton, Prosser and Keeton on Torts § 56 (5th ed. 1984). Here, however, defendants merely promised to perform their statutory duty should the triggering event occur. See Restatement (Second) of Torts § 324A, cmt. d (proffering illustrations of undertaking liability to third persons that either involve promise or contract to perform specific service, or concern employee's assumption of employer's duty). They made no promise to confine the dog absent the statutory prerequisites. Defendants' verbal and written warnings simply served to put the Fleurys on notice of their dog's reported behavior and its potential consequences. See *Wright v. Schum*, 781 P.2d 1142, 1145 (Nev. 1989) (mere advice or warning by one person to another that care should be taken to avoid risk does not itself create undertaking). We therefore conclude that their voluntary action in warning the dog's owners did not constitute an assumption of the owners' duty to control their dog, nor become a duty to protect plaintiff.

Despite the general principle that duty is a question of law, plaintiff alternatively claims that the trial court erred because the existence and scope of a voluntarily undertaken duty is a question of fact that must be submitted to a jury. *Pratt v. Liberty Mut. Ins. Co.*, 952 F.2d 667, 670-71 (2d Cir. 1992) (applying Vermont law, i.e., relying on *Derosia v. Liberty Mut. Ins. Co.*, 155 Vt. 178, 189, 583 A.2d 881, 888 (1990), in holding that existence of undertaking constitutes question of fact for jury). We need not reach that issue in this case because plaintiff did not come forward with sufficient evidence that defendants undertook to control the Fleurys' dog for the question to reach a jury.

Plaintiff next contends that the town's right to control vicious dogs gives rise to a general legal duty to protect her from vicious dogs. In support, she cites cases in which a specific contractual provision gives one party, a landlord for example, a general right to control the other party's pets. Her argument depends, however, on a mischaracterization of the rights defined and the duties imposed by the statute. Despite the statute's general title, "investigation of vicious dogs," it deals specifically with investigation of dogs that bite rather than any general right to control dogs. In this case, defendants' ability to exercise control over dogs exists in narrowly circumscribed conditions and is statutory, not contractual, in nature.

Finally, plaintiff cites to cases in which we have found a duty exists by virtue of a special relationship. We note that she fails to allege any such special relationship between town officials and residents that would require protection before the statutorily-imposed duty to investigate and control takes effect. The town's right to control dogs that bite does not give rise to a generalized duty to control vicious dogs.

*Affirmed.*