## GUS' CATERING, INC. v. MENUSOFT SYSTEMS

[762 A.2d 804]

No. 99-283

July 25, 2000. Plaintiff Gus' Catering appeals from a Washington Superior Court grant of summary judgment to defendant Menusoft Systems. Plaintiff contends that the court erroneously dismissed its alleged claims of breach of warranty, breach of contract, and negligence. We affirm.

The material facts, alleged in plaintiff's original and amended complaints, are not in dispute. On or about April 1994, plaintiff purchased a "Digital Dining" computer software program, manufactured by defendant, and computer hardware from Point of Sale Systems, Inc., an authorized distributor for defendant. A Point of Sale Systems employee set up, installed, and configured the computer at plaintiff's restaurant, assisted by a technical representative of defendant. The computer system did not perform properly, however, frequently shutting down during the restaurant's busiest times. Plaintiff immediately contacted defendant and Point of Sale Systems about the computer problems. Despite several service calls over the next two years by the same Point of Sale Systems employee who had installed the computer, as well as advice from defendant, the problems persisted.

Eventually, defendant terminated its distributorship with Point of Sale Systems and referred plaintiff to a technical representative from another authorized distributor. The new technical representative identified and solved all of plaintiff's computer problems during a single two-hour service call on July 22, 1996. Plaintiff has had no problems with the program since.

Plaintiff filed a complaint against defendant on July 20, 1998, alleging that the computer system had not been installed properly in 1994, causing the problems that had plagued the program over the next two years.* Plaintiff claimed that defendant had failed to properly instruct Point of Sale Systems in the appropriate installation and maintenance of the system: "The Defendant Menusoft Systems Corporation at all times has failed to provide the appropriate technical assistance and expertise in this matter, and, therefore, breached its express and implied warranties in this matter." Plaintiff claimed that it suffered a "great amount of loss of time in attempting to correct the difficulties caused by the improper installation of the system, to include loss of business profits and other costs, as well as attorney's fees."

After plaintiff admitted, in response to defendant's request, that tender of delivery of the computer system had occurred prior to July 19, 1994, defendant moved for summary judgment on the ground that plaintiff's warranty claim was time barred by 9A V.S.A. § 2-725's four-year statute of limitations. Plaintiff then moved to amend its original complaint. This amended complaint alleged that defendant's technical representative negligently assisted in the installation of the computer system and negligently advised plaintiff and Point of Sales Systems regarding the persistent program problems. Plaintiff claimed that "[a]s a direct result of the negligence of the [d]efendant, the [p]laintiff suffered damages by virtue of loss of business profits and loss

___
* Plaintiff is suing Point of Sale Systems in a separate claim.

of customers, as well as loss of time in trying to correct the myriad of difficulties caused by the improper installation of the digital dining system."

On April 27, 1999, the court granted defendant's summary judgment on plaintiff's first complaint, ruling that it lacked jurisdiction because the four-year statute of limitations had run. The court also denied plaintiff's motion to amend its complaint because the amendment was futile, as plaintiff had claimed only economic losses which are not recoverable on a negligence theory. This appeal followed.

We review a motion for summary judgment using the same standard as the trial court. See *O'Donnell v. Bank of Vermont*, 166 Vt. 221, 224, 692 A.2d 1212, 1214 (1997). Summary judgment is granted only when the moving party has demonstrated that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See *id.*

We first address plaintiff's argument that its first complaint alleged facts sufficient to constitute claims of breach of warranties, breach of contract, and negligence, and that the court erred in granting defendant summary judgment on this complaint under 9A V.S.A. § 2-725. Plaintiff's argument lacks merit. V.R.C.P. 8 requires that "[e]ach averment of a pleading shall be simple, concise, and direct." V.R.C.P. 8(e)(1). To meet this standard, a pleading is sufficient as long as it gives fair notice of the claim and the grounds upon which it rests. See *Lane v. Town of Grafton*, 166 Vt. 148, 152-53, 689 A.2d 455, 457 (1997).

Plaintiff's original complaint alleged in unmistakable terms that defendant "breached its express and implied warranties." This is the only claim upon which plaintiff's complaint gave fair notice, as it is the only one its plain language identified. Indeed, breach of warranty is the claim to which defendant responded with its summary judgment motion. Con-

trary to plaintiff's assertions, its original complaint did not give defendant fair notice that plaintiff additionally was pursuing claims for breach of contract, or negligence. The complaint does not mention any contract because, as defendant argues, no contract existed between plaintiff and defendant. Plaintiff's complaint reveals nothing to support its argument that defendant created an implied contract when it undertook to render services to plaintiff, and we will not consider facts outside the record that plaintiff raises on appeal. See *State v. Towne*, 158 Vt. 607, 627, 615 A.2d 484, 495 (1992) (citing *Morse v. Morse*, 126 Vt. 290, 292, 229 A.2d 228, 230 (1967)). Thus, plaintiff cannot argue that its claim was filed within the six-year statute of limitations applicable to contract actions. Nor did plaintiff's original complaint put defendant on notice that plaintiff was filing a negligence claim, either by its language or, as plaintiff argues, its alleged facts. This conclusion is supported by the fact that plaintiff sought to amend its original complaint to allege negligence, ostensibly because it recognized that it had not sufficiently pled negligence in the first instance.

Thus, the only remaining question regarding plaintiff's original complaint is whether the trial court properly held that the four-year statute of limitations had run on plaintiff's breach of warranties claim. An action for breach of contract of sale "must be commenced within four years after the cause of action has accrued." 9A V.S.A. § 2-725(1). Such an action "accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach," and when "tender of delivery is made." *Id.* at § 2-725(2); *Paquette v. Deere & Co.*, 168 Vt. 258, 260, 719 A.2d 410, 411-12 (1998). Plaintiff previously admitted that tender of delivery was made on or before July 19, 1994, which is clearly beyond four years from the date it filed the original complaint.

Plaintiff argues, however, that defendant implied additional warranties or modified its warranties after delivery of the program through its representations and actions in setting up the system, as well as providing advice while promising to get the system running properly. Consequently, plaintiff contends, the statute of limitations did not begin until the program was fixed on July 22, 1996. This is nearly identical to the claim we rejected in *Paquette*, where the plaintiffs argued that the manufacturer's post-sale representations and promise, as contained in a recall notice, to repair their motor home's brake problem modified the original contract of sale, and thus tolled the statute for their warranty claims. See *id.* at 259, 719 A.2d at 411. We held that the recall notice, standing alone, did not expressly or impliedly make any warranties regarding the vehicle, but merely represented the manufacturer's promise to fix the problem by installing an improved part on the brakes. See *id.* at 260, 719 A.2d at 411-12. Similarly, defendant's actions here did not expressly or impliedly create any new warranties regarding the Digital Dining program, but merely represented defendant's promise to assist in installing it and fixing it once it was not operating properly. The original sales contract was not modified; thus the statute of limitations did not toll during that time, but ran from the date of delivery. Therefore, plaintiff's breach of warranties claim was time-barred by § 2-725.

We next address plaintiff's argument that the trial court erred by denying its amended complaint because economic losses are not recoverable under a negligence theory. The court held that the amendment was futile because plaintiff alleged no bodily physical injury. Plaintiff claims that the court abused its discretion because negligence law allows recovery when there is physical injury to chattels. See, e.g., Restatement (Second) of Torts § 7(3) (1965) ("'[P]hysical harm' [means]

. . . physical impairment of . . . chattels."). Plaintiff argues on appeal that economic losses are recoverable on negligence here because defendant caused physical damage to the computer system by improperly installing the program and causing it to malfunction, analogous to dropping the computer to the floor and rendering it inoperable. Plaintiff additionally argues that defendant failed to perform to the level of care expected of a competent computer service provider and therefore breached the duty of care required of one engaged in a profession or trade.

Our decisions in *Breslauer v. Fayston School District*, 163 Vt. 416, 659 A.2d 1129 (1995), and *O'Connell v. Killington, Ltd.*, 164 Vt. 73, 665 A.2d 39 (1995), make clear that "[n]egligence law does not generally recognize a duty to exercise reasonable care to avoid intangible economic loss to another unless one's conduct has inflicted some accompanying physical harm," which does not include economic loss. *O'Connell*, 164 Vt. at 77, 665 A.2d at 42. The harms plaintiff alleged in its amended complaint were "damages by virtue of loss of business profits and loss of customers, as well as loss of time in trying to correct the myriad of difficulties caused by the improper installation of the digital dining system." Loss of business profits, customers, and time are economic losses, not physical harms. See, e.g., *Breslauer*, 163 Vt. at 420-22, 659 A.2d at 1132-33 (loss of employment opportunity); *O'Connell*, 164 Vt. at 76-77, 665 A.2d at 42 (loss of right to sue for compensation); *Grow Tunneling Corp. v. Consolidated Edison Co. of New York*, 549 N.Y.S.2d 382, 382 (App. Div. 1990) (mem.) ("Plaintiff is not entitled to recover for speculative lost profits, lost revenues or lost labor productivity."); Note, *Economic Loss in Products Liability Jurisprudence*, 66 Colum. L. Rev. 917, 918 (1966) (defining economic loss as "damages for inadequate value, costs of repair and re-

placement of the defective product, or consequent loss of profits — without any claim of personal injury or damage to other property.").

In its amended complaint, plaintiff sought damages for not having received the benefit of the bargain to which it believed it was entitled, and such a loss of its disappointed commercial expectations is not recoverable under our negligence law. See *Paquette*, 168 Vt. at 263, 719 A.2d at 413-14. Defendant had no duty to avoid the intangible economic losses plaintiff alleged here. "Absent a duty of care, an action for negligence fails." *Rubin v. Town of Poultney*, 168 Vt. 624, 625, 721 A.2d 504, 506 (1998) (mem.). Therefore, the court did not err in concluding that allowing plaintiff to amend its original complaint would be futile. See *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313, 455 A.2d 810, 815 (1982) (trial court should consider propriety of plaintiff's motion to amend by examining several factors including futility of amendment).

Finally, plaintiff did not raise before the trial court its arguments that defendant physically damaged the computer system by its negligence or that it breached the duty expected of one engaged in a profession or trade. Arguments not raised before the trial court are not preserved for our review. See *State v. Crannell*, 170 Vt. 387, 398, 750 A.2d 1002, 1012 (2000) ("A number of these arguments were not raised before the trial court and therefore have been waived.").

*Affirmed.*

Motion for reargument denied August 31, 2000.