**CITY OF BURLINGTON,**
**Plaintiff–Appellant,**

v.

**ZURN INDUSTRIES, INC.,**
**Defendant–Appellee,**

Zurn EPC Services, Inc., Aalborg Industries, Inc., and Hartford Steam Boiler Inspection and Insurance Company, Defendants.

No. 03–7028.

United States Court of Appeals, Second Circuit.

Aug. 28, 2003.

See also 135 F.Supp.2d 454.

Kevin J. Coyle, McNeil, Leddy & Sheahan, Burlington, VT (William F. Ellis, McNeil, Leddy & Sheahan, on the brief), for Plaintiff–Appellant.

Gina M. Vitiello, Shapiro Fussell Wedge Smotherman Martin & Price, LLP, Atlanta, GA (Seth R. Price, Shapiro Fussell Wedge Smotherman Martin & Price, LLP, and Richard T. Cassidy, Hoff, Curtis, Pacht, Cassidy & Frame, P.C., on the brief), for Defendant–Appellee.

Present: JACOBS and SOTOMAYOR, Circuit Judges.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED.**

Plaintiff-appellant, the City of Burlington ("Burlington"), appeals the district court's December 4, 2002 judgment dismissing Burlington's claims against defendant-appellee, Zurn Industries, Inc. ("Zurn")[1] for breach of contract, negligence, negligent inspection, and negligent misrepresentation. Burlington's claims arise out of a dispute between Burlington and Zurn over the quality of a boiler (and, more specifically, the welds in the econom-

---

* The Honorable Fred I. Parker, who was a member of the panel, died following argument. The appeal is being decided by the remaining members of the panel, who are in agreement. *See* Local Rule § 0.14(b).

1. The complaint also included claims against other defendants, Zurn EPC Services, Inc. (a subsidiary of Zurn), Aalborg Industries, Inc. and Hartford Steam Boiler Inspection and Insurance Company, none of whom are parties to the present appeal.

izer section of that boiler) installed in Burlington's wood-fired steam generator. The district court concluded that Burlington's claims were barred by a release granted to Zurn by Thomas Carr, whom the court found to be Burlington's agent by virtue of apparent authority.[2] Burlington argues on appeal that: [1] Carr lacked apparent authority to execute the release; and [2] in any event, the release does not cover the claims at issue.

We "review the district court's grant of summary judgment de novo, resolving all disputed facts in the non-movant's favor." *Felix v. New York City Transit Auth.*, 324 F.3d 102, 104 (2d Cir.2003). However, when a district court conducts an evidentiary hearing, and then makes factual findings on the basis of the evidence presented at that hearing, this Court reviews those factual findings for clear error. *See Leyda v. AlliedSignal, Inc.*, 322 F.3d 199, 208 (2d Cir.2003). The case is governed by Vermont law.

■ 1. Apparent authority "derives from conduct of the principal, communicated or manifested to the third party, which reasonably leads the third party to rely on the agent's authority." *New England Educ. Training Serv., Inc. v. Silver Street P'ship*, 148 Vt. 99, 105, 528 A.2d 1117, 1120 (1987) (citing Restatement (Second) of Agency § 27, cmt. a). Although the doctrine of apparent authority is "sharply circumscribed when the principal is a municipal corporation," it is nevertheless applicable under certain circumstances. *Lakeside Equip. Corp. v. Town of Chester*, 173 Vt. 317, 325, 795 A.2d 1174, 1181 (2002).

The district court, after conducting an evidentiary hearing on this issue, concluded that Burlington "presented Mr. Carr as having the authority to negotiate with Zurn and to conduct all business related to the Purchase Order, including closeout negotiations and the resulting release," and that therefore Zurn reasonably relied on Carr's apparent authority to enter into the release. *City of Burlington v. Zurn Indus., Inc.*, No. 1:99CV404, slip op. at 8 (D.Vt. Feb. 20, 2002). Seeing no clear error in these factual findings, we conclude, for substantially the same reasons stated by the district court, that Carr had apparent authority to execute the release.

■ 2. "[A] release is a contract, and its scope is determined by the intention of the parties as expressed in the terms of a particular instrument considered in the light of all the facts and circumstances." *Wolf v. United States Fidelity & Guar. Co.*, 957 F.Supp. 66, 69 (D.Vt.1996) (internal quotations omitted) (quoting *Leo v. Hillman*, 164 Vt. 94, 104, 665 A.2d 572, 579 (1995)). "If the language is clear and unambiguous, the plain meaning of the language applies." *Id.* (citing *In re New England Tel. & Tel. Co.*, 159 Vt. 459, 466, 621 A.2d 232, 237 (1993)). Exculpatory clauses are "traditionally disfavored" and thus "must be strictly construed against the party relying on them." *Fairchild Square Co. v. Green Mountain Bagel Bakery*, 163 Vt. 433, 437, 658 A.2d 31, 33 (1995) (internal quotations & alterations omitted).

The release recites that Zurn is relieved "from any further obligation to bear costs associated with the malfunction or failure to perform of any equipment furnished by Zurn" for the boiler. Burlington argues

---

**2.** We do not reach the district court's alternative holding that Burlington's negligence claims were barred by the economic loss rule. *City of Burlington v. Zurn Indus., Inc.*, 135 F.Supp.2d 454, 461–62 (D.Vt.2001) (quoting *Gus' Catering, Inc. v. Menusoft Sys.*, 171 Vt. 556, 558, 762 A.2d 804, 807 (2000)).

that, because the release does not reference "negligence," it cannot be construed to cover Burlington's negligence claims. However, "a specific reference to negligence liability is not essential to effectively immunize a party from such liability." *Colgan v. Agway, Inc.,* 150 Vt. 373, 376, 553 A.2d 143, 146 (1988). "[W]ords conveying a similar import" are sufficient to preclude negligence liability. *Id.* Here, all of Burlington's claims—including its negligence claims—arise from the failure of the boiler properly to perform. The release clearly covers these claims.

Burlington invites us to find ambiguity or vagueness in such broad wording as "any equipment" and "any further obligation." The breadth of those terms does not assist Burlington; moreover, any imprecision is clarified by context, as the district court explained: the "meaning of this [release], though broad, is abundantly clear and it supports but one interpretation." *City of Burlington v. Zurn Indus., Inc.,* 135 F.Supp.2d 454, 460 (D.Vt.2001). We are mindful that exculpatory language must be strictly construed; even so, all of Burlington's claims fall within the ambit of the release.

We have considered Burlington's remaining arguments and find them to be without merit.