Dacey v. Homestead Design, No. S0014-01 CnC  (Katz, J., Oct. 22, 2003)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                    SUPERIOR COURT
Chittenden County, ss.:             Docket No. S0014-01 CnCv


DACEY


V.


HOMESTEAD DESIGN

ENTRY


　　　This is a sick building case.  Plaintiffs assert that the negligent construction of their home's air circulation system contaminated their newly constructed home with dust, dirt, and black soot.  They claim defendants are liable for resulting physical and economic harm under a myriad of theories—product liability, negligent construction supervision, breach of implied warranty, and consumer fraud.  Defendant Homestead

Design moves for summary judgment on the basis that plaintiffs have not proffered any admissible evidence that the black soot in their home caused them damages.

Plaintiffs, Mr and Mrs. Dacey, purchased a new home constructed by defendant Homestead Design. Soon after they moved into their new home, plaintiffs noticed accumulations of a black soot-like substance. Defendant Homestead design advised plaintiffs that such accumulations resulted from plaintiffs use of candles and oil lamps. The accumulations continued for the next several months and both plaintiffs experienced irritation in their throats and eyes. Mr. Dacey's physician advised him that the dust particles could aggravate his pulmonary disease and suggested that he reside elsewhere until the dust and soot problem was resolved. Plaintiffs subsequently moved out of the home. An inspection of the duct system revealed that it contained debris. The duct work was replaced and the black dust has not reoccurred.

Plaintiffs first argument against summary judgment is that even with out evidence, their claims may be proved by the doctrine of res ipsa loquitur. This doctrine recognizes that sometimes mere proof of an event proves negligence–in other words, "the event speaks for itself." McDonnell v. Montgomery Ward, 121 Vt. 221, 226 (1959). However, liability under res ipsa may only be established upon plaintiffs' showing that (1) defendant owed plaintiff a duty of care; (2) the faulty product was under defendant's control and management at the time of the injury in such a way that there can be no question of defendant's responsibility for the mishap; (3) the product for which defendant was responsible must have caused the injury; and (4) the event is such that it would not have occurred but for defendant's lack of care. Id. at 227.

Here, the product alleged to have caused plaintiffs' injury, the duct

system, cannot be said to have been within the defendant's control and management at the time of the injury.  Id.  Air circulation ducts, by their very nature are open and easily accessible. Outside air particles are able to enter into and freely circulate throughout duct systems.  Plaintiffs own expert, the Air Doctor, was easily able to insert things into and inspect the ducts.  In short, the ducts were too open and easily accessible to said to be within defendant's control and management in such a way that there can be no serious question of defendant's culpability.  Hence, the res ipsa doctrine is inapplicable here.

We therefore move on to consider whether plaintiffs have sufficiently proved that they were harmed by the black soot-like residue to avoid summary judgment on their negligence and product liability claims. We begin by examining plaintiffs's evidence of physical harm.  This evidence consists of allegations in their complaint that they experienced eye and throat irritation and a letter from Mr. Dacey's physician stating that his physical condition "could be worsened by inhaling foreign dust particles." Pl.'s Comp. at ¶ 10; Pl.'s Mot. Oppos. Summ. J., ex. B. Plaintiffs also offer evidence of tests conducted by the Air Doctor, but such tests only indicate that dust was present in their home and coming from within the duct system, not any resulting physical harm.  Plaintiffs themselves sum up their allegations of physical harm by stating " there can be no question that both of the Daceys were physically affected by the dust and contamination, even if no particular scar, illness, or other condition can be traced to it."  Pl.'s Mot. Opp. Summ. J. at 4.

Such vague statements of physical harm without proof of actual physical injury cannot satisfy plaintiffs's burden of showing evidence of physical injury. See, e.g., Capital Holding v. Bailey, 873 S.W.2d 187, 192 (Ky 1994) ( holding that according to toxic tort requirements, even when exposure and negligent conduct can be proved, a case must be dismissed if

plaintiff cannot prove present physical injury). A bare-bones doctor's note stating that plaintiff may suffer physical harm and should move out does not create enough proof to survive a summary judgment motion. As plaintiffs admit, no physical injury can be traced to the dust contamination and plaintiffs are left with only economic loss. Economic loss, without accompanying physical injury or damage to other property, is generally not recoverable in negligence law. Paquette v. Deere & Co, 168 Vt. 258, 261 (1998) (economic loss caused by product failure must be plead in contract or warranty, not product liability); O'Connell v. Killington Ltd, 164 Vt. 73, 77 (1995)(negligence law does not recognize a duty absent physical harm). Hence, we grant defendant's motion for summary judgment on plaintiffs's negligence and product liability claims.

We next turn to plaintiffs' consumer fraud complaint. Plaintiffs contend that defendants "falsely represented the quality of construction and construction materials of the home." Pl.'s Comp. at ¶ 28. However, the evidence proffered by plaintiffs does not suggest that they purchased the home on the basis of some deceptive omission by defendant. Peabody v. P.J.'s Auto Village, Inc., 153 Vt. 55, 57 (1990). Instead, the evidence indicates that plaintiffs purchased a house with duct work contaminated with construction debris which caused soot-like accumulations in their home. Such evidence does not show a deceptive act on the part of defendant. The purpose of Vermont's Consumer Fraud Act is to protect the public from unfair or deceptive acts. 9 V.S.A. § 2451. It requires a deceptive act by the seller and a reliance in the buyer, and it punishes deceptive sellers based on an objective risk of consumer harm even if there are no actual damages. Peabody, 155 Vt. at 57. This very specific and limited purpose cannot be invoked by plaintiffs to strengthen what is essentially a warranty claim. State v. Stedman, 149 Vt. 594, 597 (1988) To allow a claim to survive on such scant evidence would undermine the

purpose of the Act, which balances the inequalities between retailers and buyers by punishing certain types of dishonest behavior. See, e.g., Stedman, 149 Vt. at 598 (refusing to extend derivative liability for consumer fraud without direct participation). We therefore grant defendant's motion for summary judgment on plaintiffs's consumer fraud claim.

This leaves us with plaintiffs's claim of breach of implied warranties. Plaintiff has offered sufficient admissible proof that the duct system was responsible for contaminating their home with dust. They present evidence that once the duct work was replaced the dust accumulations disappeared. Hence, summary judgment is not appropriate on this issue.

On plaintiffs remaining breach of warranty claim, we note that plaintiffs's damages are based on the cost of temporary housing necessitated by physical injury. However, plaintiffs have not offered sufficient evidence of physical harm caused by the dust or soot-like residue to justify vacating their home for several weeks. We recognize that the law may allow recovery of a few days of hotel bills incurred due to plaintiffs having to leave the home while the duct work was replaced, but the recovery of several weeks of hotel bills must be justified by some proof of actual physical harm. 9A V.S.A. § 2-715. The former is a potentially reasonable expense associated with the breach of a warranty. The latter is supported only by a note from the plaintiff's Doctor who does not point to any objective sign of illness or exacerbation but rather the mere possibility of future harm, which cannot create liability in Homestead.

Defendant's motion for summary judgment is granted for the claims of negligence, product liability, and consumer fraud, and the claim for

expenses of living outside the home.

Dated at Burlington, Vermont_____, 20_____.


_____
Judge