*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-029

JULY TERM, 2016

| | | |
|---|---|---|
| Charles Jackson, III | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Town of West Haven | } | DOCKET NO. 537-9-15 Rdcv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Plaintiff Charles Jackson appeals pro se from a superior court judgment establishing the assessed value of his property in the Town of West Haven. We affirm.

In March 2015, plaintiff purchased the subject property, consisting of approximately 500 acres and a single family dwelling, for $690,000. The 500 acres included about 100 acres referenced in an 1835 lease from the Rutland County Grammar School to a predecessor-in-interest for an annual payment of $20 and a term of 999 years. Plaintiff was uncertain where the 100 acres in question was located within the parcel.

The Town assessed the property for 2015 at a fair market value of $588,800. Plaintiff appealed the assessment to the superior court, claiming that because he did not own the leased land it should not be taxed to him, but rather to the Rutland County Grammar School. The court upheld the Town's assessment, ruling that plaintiff remained liable for the taxes on the entire parcel, including the leased portion, under 32 V.S.A. § 3610(a), which applies to the "taxation of perpetual leased lands" and defines the latter to include every leasehold interest "arising out of or created by an instrument of lease which conveys to a person designated as lessee, his or her heirs . . . and assigns, the right to possess, enjoy, and use the land in perpetuity or substantially in perpetuity." The statute also specifically provides that "every perpetual lease . . . shall be set in the grand list as real estate against the lessee." Id. § 3610(e). The court further noted that leases for a fixed period of 999 years, like the one in question, had been construed to be held "substantially in perpetuity" for tax purposes under the statute. Weyerhaeuser Co. v. Town of Hancock, 151 Vt. 279, 281 (1989). Accordingly, the court concluded that the property subject to the lease was properly taxable as a perpetual lease, and upheld the Town's assessment.

On appeal, plaintiff cites a 2013 amendment to the Current Use Value Appraisal Program defining an owner of land eligible for participation in the program to include "the lessee under a perpetual lease as defined in subsection 3610(a) of this title provided the term of the lease exceeds 999 years exclusive of renewals." 32 V.S.A. § 3752(10). Plaintiff notes that his lease does not exceed 999 years, and therefore asserts that he should also not be considered an owner for tax purposes. The argument was not raised with the trial court, however, and therefore was not

properly preserved for review on appeal.  Gus' Catering, Inc. v. Menusoft Sys., 171 Vt. 556, 559 (2000).  We note, moreover, that nothing in the statute on which plaintiff relies suggests that it was intended to apply outside the current use program, and this Court is not at liberty to rewrite the provision to extend its scope.

Plaintiff also appears to ask the Court to direct the Town to list the perpetual lease in a separate record in accordance with 32 V.S.A. § 3610(b) (providing that "[t]he listers of each town . . . shall list every perpetual lease in a separate record").  Again, the issue was not raised and argued before the trial court, with the exception of a brief reference at the conclusion of the hearing, and therefore was not adequately preserved for review.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice