# STATE OF VERMONT

**SUPERIOR COURT**
**Rutland Unit**

**CIVIL DIVISION**
**Docket No. 506-6-10 Rdcv**

**Charles and Janet Delaney**
    **Plaintiffs**

v.

**Fabian Earth Moving, Inc., et al.**
    **Defendants**

ORIGINAL PAPER
VERMONT SUPERIOR COURT

MAR 1 8 2011

RUTLAND

## DECISION
### Defendant's Motion for Summary Judgment

Plaintiffs have sued Defendants Price Chopper Operating Company of Vermont, Inc. ("Price Chopper"); West-Way Mall, Inc. ("West-Way"); and Fabian Earth Moving, Inc. for injuries resulting from Plaintiff Charles Delaney's fall on ice or snow in the parking lot in front of Price Chopper's store in West Rutland. Price Chopper leases this parking lot from West-Way.

Defendant Price Chopper's filed a Motion for Summary Judgment filed on September 16, 2010. The material facts relevant to this motion are undisputed. The parties dispute whether, as a matter of law, Price Chopper owed a duty of care to Plaintiffs. "The existence of a duty is primarily a question of law." *Rubin v. Town of Poultney*, 168 Vt. 624, 625 (1998) (mem.).

Price Chopper argues that its lease with West-Way places on West-Way the duty to maintain the parking lot. The lease states, "The Landlord [West-Way] shall…keep the parking and service areas reasonably clean and free from ice, snow and debris between the hours of 6:00 a.m. and 12:30 a.m." Price Chopper contends that this clause alleviates any duty it had to keep the parking lot free from ice and snow.

Price Chopper operates a store on the leased premises. No facts establish that the parking lot in front of the store, owned by the owner/lessors, was excluded from the leased premises. Price Chopper, as a business occupying property, has a non-delegable duty to ensure that its premises are in a safe and suitable condition for its customers. *Debus v. Grand Union Stores of Vermont*, 159 Vt. 537, 546 (1993); *Garafano v. Neshobe Beach Club, Inc.*, 126 Vt. 566, 570, 575 (1967). "The policy rationale is to place responsibility for maintenance of the land on those who own *or control* it, with the ultimate goal of keeping accidents to the minimum level possible." *Dalury v. S-K-I, Ltd.*, 164 Vt. 329, 335 (1995) (emphasis added).

Price Chopper is not entitled to a ruling that, as a matter of law, it had no duty to Plaintiffs. Although West-Way assumed certain responsibilities including snow removal under the lease, the lease did not, and could not, relieve Price Chopper of its own duty to its customers as a matter of law. Price Chopper's Motion for Summary Judgment is denied.

## ORDER

Defendant's Motion for Summary Judgment is *denied*.

Dated at Rutland, Vermont this 17th day of March, 2011.

Hon. Mary Miles Teachout
Superior Judge