Filed 08/22/24

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-01410

---

Aleksandra Veljovic v. TD Bank, N.A., et al

---

## DECISION ON MOTION TO DISMISS

Plaintiff Aleksandra Veljovic sues TD Bank, N.A. ("the Bank"), and one of its employees, alleging negligence in the provision of notary public services. The claims against the Bank sound in *respondeat superior* and negligent supervision. The Bank moves to dismiss these claims for several reasons, including, as barred by the economic loss rule. The court grants the motion.

### Background

In her complaint, Ms. Veljovic asserts that Defendant Zlata Cavka was employed by the Bank in July 2021 and in her capacity as a bank employee, provided notary services. Ms. Cavka notarized a Serbian-written document at the Bank that Ms. Veljovic's ex-husband presented and that contained Ms. Veljovic's forged signature. The ex-husband used the notarized document to obtain an apostille from the Vermont Secretary of State, *see* 26 V.S.A. § 5377, which he then used in July 2021 to obtain a divorce in Serbia. The Serbian court awarded Ms. Veljovic's ex-husband property that belonged to both her and her ex-husband. Believing she was still married, Ms. Veljovic later initiated divorce proceedings in Vermont and in May 2022, was awarded the same marital property that the Serbian court had awarded her ex-husband the previous year.

Ms. Veljovic asserts that her ex-husband would not have been able to get the apostille without the forged document that Ms. Cavka notarized, and that without the apostille, the Serbian court would not have awarded her husband the marital property. Ms. Veljovic asserts claims for negligence and negligence per se against Ms. Cavka, and for negligent supervision and *respondeat superior* against the Bank. She asks for "compensatory damages," which in the context of this case can only mean recovery of the value of the marital property.

### Analysis

Both of Ms. Veljovic's causes of action against the Bank are based on negligence—either the Bank's, Ms. Cavka's, or both. The tort of negligent supervision requires proof that an employee or agent committed a tort or other wrongful act; only if this is proven could the employer be found liable

for failing to prevent the tort. *Haverly v. Kaytec, Inc.*, 169 Vt. 350, 357 (1999) (citing Restatement (Second) of Agency § 213). Similarly, to prove a claim of *respondeat superior*, a plaintiff must prove that an employee engaged in negligent or other tortious conduct and that the tort was committed during, incidental to, or in the scope of the employment. *Doe v. Forrest*, 2004 VT 37, ¶ 15, 176 Vt. 476 (citing *Brueckner v. Norwich Univ.*, 169 Vt. 118, 122–23 (1999)).

As noted above, Ms. Veljovic seeks compensation for nothing more than her economic losses. "Economic loss" has been defined as "damages other than physical harm to persons or property." *Springfield Hydroelectric Co. v. Copp*, 172 Vt. 311, 315 (2001). The law of negligence " 'does not generally recognize a duty to exercise reasonable care to avoid intangible economic loss to another unless one's conduct has inflicted some accompanying physical harm,' which does not include economic loss." *Gus' Catering, Inc. v. Menusoft Sys.*, 171 Vt. 556, 558 (2000) (mem.) (quoting *O'Connell v. Killington, Ltd.*, 164 Vt. 73, 77 (1995)). This so-called economic loss rule generally "prohibits recovery in tort for purely economic losses." *Sutton v. Vermont Reg'l Ctr.*, 2019 VT 71A, ¶ 30, 212 Vt. 612. The rationale behind the rule is twofold: (1) "[e]conomic losses proliferate more easily than losses of other kinds, leading to indeterminate and disproportionate liability"; and (2) "[r]isks of economic loss tend to be especially well suited to allocation by contract." *Id*. ¶ 32 (internal quotation marks and citations omitted). Thus, the rule " 'maintain[s] a distinction between contract and tort law' by 'prohibit[ing] recovery in tort for purely economic losses.' " *Walsh v. Cluba*, 2015 VT 2, ¶ 27, 198 Vt. 453 (quoting *Long Trail House Condo. Ass'n v. Engelberth Constr., Inc.*, 2012 VT 80, ¶ 10, 192 Vt. 322).

Ms. Veljovic contends that her case falls within an exception to the economic loss rule for the provision of professional services. Vermont law recognizes that, in some circumstances, a plaintiff asserting a negligence claim may be able to recover for purely economic losses where there is a special relationship between the plaintiff and the defendant, and the defendant has assumed the responsibility not to violate a professional duty owed to the plaintiff. "To fit within this exception, the parties must have a 'special relationship, which creates a duty of care independent of contract obligations.' " *Long Trail House Condo. Ass'n*, 2012 VT 80, ¶ 13 (quoting *EBWS, LLC v. Britly Corp.*, 2007 VT 37, ¶ 31, 181 Vt. 513). *See, e.g., Sutton*, 2019 VT 71A, ¶ 32 ("[T]hose who, in the course of their business, profession, or employment, perform services for the benefit of a limited group of persons may be subject to liability for pecuniary loss caused to those who relied upon the service by a failure to exercise reasonable care in performing the service."); *Long Trail House Condo. Ass'n*, 2012 VT 80, ¶ 13 (recovery may be available "in a limited number of cases" where defendant violated a

professional duty); *Springfield Hydroelectric Co.*, 172 Vt. at 316 ("[E]ven where courts have permitted recovery for economic loss, they have required a 'special relationship between the alleged tortfeasor and the individual who sustains purely economic damages sufficient to compel the conclusion that the tortfeasor had a duty to the particular plaintiff and that the injury complained of was clearly foreseeable to the tortfeasor.' ") (quoting *Aikens v. Debow,* 541 S.E.2d 576, 589 (W. Va. 2000)). There must be privity between the parties for liability to attach for a purely economic loss. *Hamill v. Pawtucket Mut. Ins. Co.*, 2005 VT 133, ¶ 7, 179 Vt. 250.

Ms. Veljovic does not allege in her complaint that she is a customer of the Bank, and she admits that she "has never met [Ms.] Cavka[.]" Thus, she is unable to show that she had a special or professional relationship with either Ms. Cavka or the Bank. *Cf. Sutton*, 2019 VT 71A, ¶ 33 ("ACCD initiated a close relationship with plaintiffs by recruiting them to invest their life savings in the Jay Peak Projects by promising exceptional oversight and management of the investment."); *Sachs v. Downs Rachlin Martin PLLC*, 2017 VT 100, ¶ 29 n.4, 206 Vt. 157 (recognizing that in legal malpractice, or negligence, cases plaintiffs seek purely monetary damages, which is allowable due to parties' special relationship) (citing *EBWS, LLC*, 2007 VT 37, ¶ 31). The lack of such a relationship is fatal to her claims.[1]

## ORDER

The court grants the motion. Counts III and IV, asserting claims against the Bank, are dismissed with prejudice. Further, the court notes that while Ms. Cavka has not joined this motion, the analysis above amply suggests that she too may be entitled to the protection of the economic loss rule. The court therefore orders Ms. Veljovic to show cause, within 14 days of this Order, why the court should not dismiss the remaining claims on its own motion. Ms. Cavka will then have 14 days to reply.

Electronically signed pursuant to V.R.E.F. 9(d): 8/15/2024 1:10 PM

_____
Samuel Hoar, Jr.
Superior Court Judge

---

[1] The court notes that the lack of any relationship is likely fatal also to any claim of any duty to exercise due care to avoid injury to Ms. Veljovic. The only possible source of such a duty, under the facts pleaded here, would be § 324A of the Restatement (Second) of Torts. Because neither party briefed the applicability of § 324A, the court confines itself to the observation that it likely affords no foothold for Ms. Veljovic's claims against either the Bank or Ms. Cavka.