STATE OF VERMONT

SUPERIOR COURT                                          CIVIL DIVISION
WINDHAM UNIT                                            Docket No. 24-CV-1178

FOXROCK 90 TECHNOLOGY DRIVE REALTY, LLC,
    **Plaintiff,**

    v.

BREAD LOAF CORPORATION,
    **Defendant**

### DECISION: MOTION TO DISMISS (Motion #1)

Plaintiff Foxrock brings suit against Defendant Bread Loaf seeking recovery on two legal grounds, Negligence and Professional Malpractice by Architect. This is based on claimed defective work on a portion of a building Foxrock now owns. Bread Loaf seeks dismissal on grounds that any negligence claim is inapplicable because the claims are based on its contract with a prior owner and tort recovery is precluded; that Foxrock's claim is barred by the economic loss rule; and that no special relationship exists that would support a tort claim.

The facts as alleged by Foxrock are taken as true when analyzing a motion to dismiss. *Bock v. Gold,* 2008 VT 81 ¶4. An entity doing business as Winstanley Enterprises ("WSE") owned a commercial building in Brattleboro. Part of it was a large freezer space. Adjacent to the freezer and connected to it was a lower two story portion of the building consisting of a refrigerated transfer bay on the ground level and a mezzanine above it which was rented out as office space. In December of 2020 WSE leased the freezer and refrigerated transfer bay area to United Natural Foods, Inc. and agreed to complete alterations and improvements to both the freezer and refrigerated transfer bay space. The mezzanine office space was rented to another tenant, New Chapter. WSE hired Bread Loaf to professionally design and construct the improvements to the freezer and refrigerated transfer bay.

On January 24, 2022, WSE entered into a purchase and sales agreement with Foxrock to sell the entire property to Foxrock. Approximately three weeks later, on February 14, 2022, Bread Loaf completed its work under its contract with WSE. Approximately six weeks after that, on March 31, 2022, the sale closed and Foxrock became the owner of the property. In August of 2022, New Chapter reported concerns about the temperature in its mezzanine space, and soon thereafter, significant moisture issues arose. Foxrock hired an engineering consultant who concluded that there was significant thermal bridging between the mezzanine's concrete floor and the metal decking in the ceiling of the refrigerated transfer bay, and this led to the development of mold in the mezzanine space. The mold and moisture problems forced New Chapter to temporarily vacate, implement a hybrid work model, and seek and obtain rent abatement from Foxrock.

The claims of Foxrock are that Bread Loaf's design errors and omissions and defective workmanship caused Foxrock to sustain damages in the form of lost rent, mold remediation costs, property damage, diminution in value, and demolition and construction costs associated with mediation and restoration of the mezzanine space in the amount of at least $600,000. It is not seeking damages related to remediation work in the refrigerated transfer bay space. It seeks recovery based on claims of negligence and architectural professional malpractice. Bread Loaf moves to dismiss both claims under V.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Bread Loaf argues that its obligations were based on its contract with WSE, and thus its duties were contractual and it owed no duty to Foxrock cognizable in negligence law. Alternatively, it argues that the negligence claims are barred by the economic loss rule. Foxrock argues that Bread Loaf owed it a duty of care not to cause harm to the mezzanine property on the grounds that the mezzanine was beyond the scope of the contract work, and that unanticipated physical harm to property beyond the scope of contract work is actionable under negligence principles. As to the claim of architectural negligence, it argues that the economic loss rule should not bar recovery involving liability for violation of a professional duty.

The Vermont Supreme Court has issued two opinions pertinent to the issues. In *Long Trail House Condo. Ass'n v. Engelberth Const., Inc.*, 2012 VT 80, the Court ruled that between the applicability of contract or tort principles, whether or not there was privity between the parties was not the determining factor; rather the analysis should focus on determination of duty.

> Instead, the focus is more appropriately on duty in cases such as this one. See generally S. Barrett, *Recovery of Economic Loss in Tort for Construction Defects: A Critical Analysis,* 40 S.C. L.Rev. 891, 895 (1989) ("The crux of the [economic loss] doctrine is not privity but the premise that economic interests are protected, if at all, by contract principles, rather than tort principles."); see also *Gus' Catering, Inc.,* 171 Vt. at 558, 762 A.2d at 807.

*Id.* at ¶13.

> This was reinforced three years later in *Walsh v. Cluba*:

> The economic-loss rule "maintain[s] a distinction between contract and tort law" by "prohibit[ing] recovery in tort for purely economic losses." *Long Trail House Condo. Ass'n v. Engelberth Constr., Inc.,* 2012 VT 80, ¶ 10, 192 Vt. 322, 59 A.3d 752 (quotation omitted); see *Wentworth v. Crawford & Co.,* 174 Vt. 118, 127, 807 A.2d 351, 357 (2002) ("[O]ur caselaw prohibits a claimant from seeking damages for contractual losses through tort law."). Tort law imposes duties to protect the public from harm, and thus negligence actions are generally limited to unanticipated physical injury, while contract law allows parties to protect themselves through bargaining. *Long Trail,* 2012 VT 80, ¶ 10, 59 A.3d 752; *Springfield Hydroelectric Co. v. Copp,* 172 Vt. 311, 314, 779 A.2d 67, 70 (2001) (stating "that negligence actions are best suited for resolving claims involving unanticipated physical injury, particularly those arising out of an accident," while contract actions "are generally more appropriate for determining claims for consequential damage that the parties have, or could have, addressed in their

2

agreement" (quotation omitted)). The determining factor in deciding whether to apply the economic-loss rule is not whether privity exists but rather whether there is "a duty separate and apart from a contractual duty." *Long Trail,* 2012 VT 80, ¶ 13, 59 A.3d 752.

*Walsh v. Cluba*, 2015 VT 2, ¶ 27.

Analysis thus calls for a determination of what duties Bread Loaf had at the time it performed the work alleged to have caused harm. At the time of its design and construction work, its duty was to improve the WSE building pursuant to the terms of its contract with WSE (Exhibit A). Thus its duty was to WSE and included the duty not to harm the property it was working on, which included the mezzanine, even though the work was to improve the refrigerated transfer bay area underneath it.

Foxrock argues that the mezzanine was separate "neighboring property" outside the scope of the contract, and therefore Bread Loaf's duty was not limited to a contract duty and Foxrock argues that it can pursue a negligence case for economic damages for harm to property. In this case, the mezzanine was part of the same building Bread Loaf was working on, and located immediately above and adjacent to the location where work was performed. Bread Loaf's duty not to harm the mezzanine ran to WSE as part of its contractual obligation. While Bread Loaf might have had a duty not to cause physical harm to a property across the street under separate ownership with no connection to the WSE-Bread Loaf contract, and violation of such a duty might be actionable under negligence law as harm to property, the mezzanine was part of the WSE building that Bread Loaf was working on under contract, and cannot be considered a "neighboring property."

In sum, the duty Broad Loaf had when it performed its work was based on Bread Loaf's contractual obligations to WSE.

WSE and Foxrock contracted to sell the property to Foxrock after most of Bread Loaf's work was done. The closing took place on March 31, 2022, after Bread Loaf had fully completed its work. In negotiating the purchase and sales contract, WSE and Foxrock had the opportunity to allocate economic risks between them related to Bread Loaf's work, and apparently did not do so. There is no allegation that Foxrock acquired any right from WSE to assert a claim against Bread Loaf. In any event, it would have been based on contractual obligations under the WSE-Bread Loaf contract.

"The key to determining the availability of a contract or tort action lies in determining the source of the duty that forms the basis of the action." *Town of Alma v. AZCO Const., Inc.,* 10 P.3d 1256, 1262 (Colo. 2000). As described above, Bread Loaf's duty not to harm the mezzanine was based on its contract with WSE.

Thus, the court cannot conclude that Bread Loaf had a duty that would support Foxrock's negligence claims against Bread Loaf, and duty is a fundamental element of a negligence claim.

Foxrock also seeks to rely on an exception to the economic loss rule. which operates to bar most negligence claims asserting economic damages.

The economic-loss rule "maintain[s] a distinction between contract and tort law" by "prohibit[ing] recovery in tort for purely economic losses." *Long Trail House Condo. Ass'n v. Engelberth Constr., Inc.,* 2012 VT 80, ¶ 10 (other citation omitted). . . . The determining factor in deciding whether to apply the economic-loss rule is not whether privity exists but rather whether there is "a duty separate and apart from a contractual duty." *Long Trail,* 2012 VT 80, ¶ 13, 59 A.3d 752.

*Walsh v. Cluba*, 2015 VT 2, ¶ 27.

Foxrock cites the exception to the economic loss rule which allows recovery if there is physical harm to "other property," citing *Gus' Catering Inc. v. Menusoft Systems,* 171 Vt. 556, 558-59 (2000). As the analysis above shows, the mezzanine was not "other property," but part of the building in which the contract work was performed and physically closely connected to the work site portion of the building. Accordingly, Bread Loaf's duty not to cause physical harm to the mezzanine was based on its contractual obligations.

Foxrock also claims that even if the economic loss rule applies, "a duty would exist through Defendant's actions as a professional under the "professional services" exception to the economic loss rule." Foxrock Memorandum in Opposition, pages 5-6.) However, the professional relationship, and the work performed based on that relationship, was between Bread Loaf and WSE and long predated any involvement of Foxrock in the building. There was no professional duty running from Bread Loaf to Foxrock. Thus the "special relationship" exception cannot apply.

## Order

For the foregoing reasons, the court concludes that Foxrock does not have a basis for asserting negligence claims against Bread Loaf.

The motion to dismiss (Motion #1) is *granted*.

Electronically signed October 7, 2024 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned

4